**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4513**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JULIA TERYAEVA-REED,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge. (1:14-cr-00207-GLR-1)

Submitted: July 27, 2018                     Decided: August 3, 2018

Before KING, DIAZ, and THACKER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Marc Gregory Hall, LAW OFFICE OF MARC G. HALL, P.C., Greenbelt, Maryland, for Appellant. Matthew James Maddox, Judson T. Mihok, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Julia Teryaeva-Reed seeks to appeal her sentence after pleading guilty. The Government has moved to dismiss the appeal as barred by her appeal waiver. Teryaeva-Reed's attorney has filed a response to the Government's motion to dismiss and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising a sentencing claim but concluding there are no meritorious grounds for appeal. Teryaeva-Reed was notified of her right to file a pro se supplemental brief but has not done so. We dismiss the appeal.

"'A plea agreement, like any contract, allocates risk.'" *United States v. Archie*, 771 F.3d 217, 222 (4th Cir. 2014) (citation omitted). "A defendant may waive the right to appeal [her] conviction and sentence so long as the waiver is knowing and voluntary." *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013) (internal quotation marks and citation omitted). "Where, as here, the Government seeks enforcement of an appeal waiver and there is no claim that the Government breached its obligations under the plea agreement, the waiver will be enforced to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and the issue being appealed is within the scope of the waiver." *Archie*, 771 F.3d at 221 (citations omitted). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. Tate*, 845 F.3d 571, 574 n.1 (4th Cir. 2017) (internal quotation marks and citation omitted).

Upon review of the plea agreement and transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Teryaeva-Reed knowingly and voluntarily waived her right to

2

appeal her conviction and sentence, and the issue that she seeks to appeal falls within the scope of the waiver. Moreover, in accordance with *Anders*, we have reviewed the record for any potentially meritorious issues that might fall outside the waiver and have found none. Accordingly, we grant the Government's motion to dismiss the appeal.

This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*